# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:13-cv-00551-RCJ-WGC |
| vs. ) | |
| ) | |
| DON HELLING et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This case arises out of the suspension of a prison employee, allegedly in retaliation for protected speech. Defendants have moved for attorney's fees. For the reasons given herein, the Court grants the motion in part.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff James Kelly is a Senior Corrections Officer with the Nevada Department of Corrections ("NDOC"). (*See* Compl. ¶ 10, ECF No. 1-2). Plaintiff previously sued unidentified defendants when he was terminated, allegedly in retaliation for having complained about officer pay, discrimination, and other retaliation (the "First Lawsuit"). (*Id.* ¶ 8). The parties settled the First Lawsuit, with Plaintiff being reinstated to the rank of Lieutenant. (*Id.* ¶ 9).[1]

Before retiring in July 2011, Deputy Director of NDOC Don Helling issued two specifications of charges against plaintiff and recommended to Director of NDOC James Cox that Plaintiff be suspended without pay and demoted to Senior Corrections Officer. (*Id.* ¶¶ 2, 6,

---

[1] Plaintiff does not allege his rank before the First Lawsuit.

1  10). Cox approved the recommendation. (*Id.* ¶ 11).  Helling and Cox allegedly acted in
2  retaliation for plaintiff having filed the First lawsuit and for having previously complaining about
3  discrimination and retaliation at NDOC. (*See id.* ¶ 12).

4  In November 2011, plaintiff again sued unidentified defendants, alleging that the
5  suspension and demotion were based on unlawful retaliation (the "Second Lawsuit"). (*Id.* ¶ 13).
6  From late 2011 through April 2012,[2] plaintiff also filed requests for investigation with the
7  Inspector General concerning alleged perjury by unidentified persons in unspecified matters and
8  unspecified "threats" to personnel if staffing levels fell. (*Id.* ¶ 14).  On May 17, 2012, Plaintiff
9  brought this matter, as well as alleged previous retaliation, to the attention of the Prison Board at
10 one of its meetings. (*Id.* ¶ 16).[3]  The parties agreed to dismiss the Second Lawsuit without
11 prejudice on November 28, 2012.

12 On May 4, 2013, Warden Isidro Baca recommended that Plaintiff be suspended. (*Id.*
13 ¶ 17).  Cox and Deputy NDOC Director E.K. McDaniel approved the recommendation. (*Id.*).[4]
14 Plaintiff was suspended, allegedly in retaliation for his previous protected activity.

15 Plaintiff sued Helling, Baca, McDaniel, Cox, Greg Smith, and the State of Nevada ex rel.
16 NDOC in state court for First Amendment violations under 42 U.S.C. § 1983 and for negligent
17 training and supervision.  Defendants removed and moved for summary judgment.  The Court
18 granted the motion pursuant to *Holcombe v. Hosmer*, 477 F.3d 1094, 1099–1100 (9th Cir. 2007).

---

[2] The Complaint appears to contain a typographical error here. (*See id.* ¶ 14 ("Starting in late 2011, through April of 2011 . . . .")).

[3] Plaintiff does not allege whether he spoke as an NDOC employee at a private meeting, a Board member, or as a public attendee at a public meeting.

[4] The allegations at this point become chronologically impossible, and the Court will not attempt to sort out which portions of the allegations are in error. (*See id.* ("On May 4, 2013, Defendant Baca recommended Plaintiff be suspended and Defendants McDaniel and Cox approved that recommendation.  Plaintiff was suspended on February 19, 2013 for conduct that allegedly occurred on March 12, 2012 . . . .")). The important allegation is that Plaintiff was suspended based on the previous activity.

Defendants have now asked for $32,191.71 in attorney's fees.

## II.  LEGAL STANDARDS

Section 1988 of the Civil Rights Act provides that a prevailing defendant should not routinely be awarded attorneys' fees and costs simply because he has succeeded, but rather only where "the action is found to be unreasonable, frivolous, meritless, or vexatious." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see Vernon v. City of L.A.*, 27 F.3d 1385, 1402 (9th Cir. 1994) (internal citations omitted).  An action is considered frivolous when the result is obvious or the Plaintiff's arguments are wholly without merit. *Vernon*, 27 F.3d at 1402.  This standard is "stringent," *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), and the Court of Appeals has repeatedly recognized that attorney's fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances." *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)).  The vigorous nature of this standard reflects Congress' policy of promoting fervent prosecutions of civil rights violations. *See Hughes*, 449 U.S. at 14–15.  Thus, under § 1988, attorneys' fees should be awarded to a prevailing defendant only when doing so would not unduly chill civil rights litigation.

## III.  ANALYSIS

First, the Court finds that attorney's fees are appropriate in this exceptional case.  The case was vexatious and unreasonable, as it was precluded.  Awarding fees in cases that are precluded does not unduly chill civil rights litigation, because such a result does not cause potential civil rights plaintiffs to assess whether to sue based on a calculation of whether they can succeed on the merits for fear of having to pay attorneys fees if they lose.  Rather, it simply discourages a potential plaintiff from suing where the claim has already been adjudicated against him or where he has procedurally defaulted on a potential claim, i.e., it only chills a person from filing lawsuits that are by definition vexatious. *Cf. Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (noting that the filing of a precluded claim is vexatious under 28 U.S.C. § 1927).  In

response, Plaintiff mainly argues that his case was not frivolous on the merits. But that is not the issue. The Court dismissed because the claim was precluded. On that issue, Plaintiff offers a single sentence of argumentation, that "[c]laim preclusion would not apply to the suspensions or agreed demotions because those were determinations that the discipline was in error and an agreement that termination was too stiff." In addition to lacking any citation for the proposition that the present claims would not be precluded if Plaintiff had prevailed in his disciplinary hearings, it is simply incorrect that Plaintiff prevailed in the relevant administrative proceedings such that he would not have been expected to appeal. As the Court noted, the administrative hearing officers in both of the proceedings affirmed Plaintiff's discipline in part. The hearing based on the 2011 discipline affirmed a demotion but reversed a suspension, a decision clearly adverse to Plaintiff's position that neither should have been imposed. The hearing based on the 2013 discipline affirmed a suspension in part but reduced it in duration, a decision clearly adverse to Plaintiff's position that no suspension was appropriate. As the Court noted, Plaintiff could have brought First Amendment challenges to both matters of discipline in the state district court under Nevada Revised statute section 233B.135(3)(a), and because he did not, those claims are precluded. *See See Holcombe v. Hosmer*, 477 F.3d 1094, 1099–1100 (9th Cir. 2007).[5]

Second, the Court finds that the proffered billing rate of $135.83 per hour is reasonable, as customary fees in the community are indeed much higher, as attested to by Attorney McDermott.

---

[5]Plaintiff notes a third administrative proceeding where his termination was reversed. That termination was based on an allegation that Plaintiff had been drunk on duty in 2010. The administrative proceeding relating to that incident was independent of and prior to the proceedings for the 2011 and 2013 misconduct. The allegations in the present Complaint postdate the 2010 hearing. Plaintiff in fact previously brought a separate lawsuit based on the 2010 termination. That lawsuit was settled. The present Complaint therefore cannot (and, anyway, does not attempt to) rely upon any alleged First Amendment retaliation causing the 2010 termination that was reversed. The only retaliation alleged in the present Complaint is the discipline imposed in 2011 and 2013, which was partially affirmed in both cases.

1   Third, however, the Court finds that the hours attested to are unreasonable. For example,
2 Defendants claim approximately 40 hours for preparing the two-page notice of removal and the
3 seven-page answer (all of which except for the first two pages appears to consist of boilerplate
4 recitals of affirmative defenses), approximately 40 hours for preparing motions under Rule 12
5 that were never filed, and approximately 100 hours for preparing the motion for summary
6 judgment, including 4.5 hours for "[s]tewing the writer's block." The Court will reduce the
7 claimed hours by 110. The fairly simple removal papers and answer should not have taken an
8 entire week's worth of attorney labor. The Court will reduce the hours by 20 based on the
9 excessiveness of the labor claimed for preparing the removal and the answer. Next, the Court
10 will not award any fees for the preparation of the unfiled Rule 12 motions. Finally, the Court
11 will reduce the hours by 50 based on the excessiveness of the labor claimed for preparation of the
12 summary judgment motion. The summary judgment motion in this case should not have taken
13 more than a week's worth of attorney labor. In summary, the Court will discount the 40 hours
14 claimed for the unfiled potential motions under Rule 12 and further reduce the claimed hours by
15 70 (approximately half of the hours relating to the removal, the answer, and the motion for
16 summary judgment). The granted hours are therefore 237 - 40 - 70 = 127. The total fees granted
17 at $135.83 per hour—the Court will not apply any multiplier—is therefore $17,250.41.

## CONCLUSION

19   IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 34) is
20 GRANTED IN PART. Defendants are entitled to attorney's fees of $17.250.41.
21   IT IS SO ORDERED.
22 Dated this 16th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge